## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

No. 754
SCHWANE et al v. CONTRIS
Ohio Appeals, 3rd Dist., Allen County
No. 394. Decided Oct. 8, 1924

303. CONVERSION—Converter may reduce damages by proper evidence.

480. EVIDENCE—Declaration of interested party held admissible even after his death.

HUGHES, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

Contris entered into a written contract for the exchange of a stock of hardware for farm property with another, and as a part of the contract both Contris and Karbler made their individual promissory notes in the sum of $1,000, each party making his note payable to the other, which were turned over to Schwane and another to be deposited with a named bank. By the terms of the contract it was provided that in the event of the failure of either party to carry out the terms of the contract, both promissory notes would be delivered back to the nondefaulting party and the defaulting party was to become liable on his note.

There was a clause in the contract that pro-provided that Schwane and the other plaintiff were to be judges of the fact as to when a party was in default. This suit was started by Schwane and another as assignee of the note made by Contris. They claimed that they had procured the note by assignment from Karbler after the defendant defaulted and thereby became liable on his promissory note. Contris, by way of defense, denied that he had defaulted and by way of cross-petition claimed that Schwane and the other plaintiff had converted the note to their own use and that Karbler had defaulted and that plaintiffs were liable in trover.

The court permitted the defendant to introduce certain admissions made by Karbler to one Mueller, Karbler having died prior to the trial. The jury returned a verdict for defendant, whereupon plaintiffs prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. In an action to recover for the wrongful conversion of a promissory note, the measure of damage is the amount recoverable thereon. When the petition avers and the proof shows the amount due on such a note, a prima facie case is made, but the converter may by evidence reduce that valuation and thereby reduce the damages.

2. Where a declaration is made by a party who had, before the time of making his declaration, parted with his pecuniary interest in the subject matter, his declaration is not admissible in evidence against a third person. But, as Karbler was liable on one of the notes converted, upon which the defendant, Contris, was suing, Karbler did have a pecuniary interest in the subject matter, and therefore the declaration was admissible.

Attorneys—J. H. Goeke, D. R. Tripplehorn, M. G. Foster, for Schwane et al; T. R. Hamilton, for Contris; all of Lima.