## MANN, Plaintiff-Appellant, v. EAST OHIO GAS COMPANY, Defendant-Appellee.

Ohio Appeals, Seventh District, Mahoning County.

No. 4052. Decided October 9, 1959.

Edwin F. Woodle, Cleveland. for plaintiff-appellant.

Manchester, Bennett, Powers & Ullman, Youngstown, for defendant-appellee.

## OPINION

By PHILLIPS, J.

Plaintiff appeals on questions of law from the order of January 12, 1959, overruling the motion to vacate judgment filed December 24, 1958.

The jury returned a verdict for defendant in plaintiff's action against defendant to recover damages for personal injuries suffered by plaintiff in an explosion and resultant fire allegedly caused by defendant's negligence.

By assigned grounds of error plaintiff contends:—

"1. The trial court erred in summarily overruling the motion of the plaintiff to vacate judgment and to grant to the plaintiff a new trial.

"2. The trial court erred in failing to allow an oral hearing of plaintiff's motion to vacate judgment and for a new trial. and in denying to the plaintiff the right to present evidence in support of said motion."

On December 16, 1958, plaintiff mailed to the Clerk of the Court of Common Pleas motion to vacate judgment, based upon alleged false and untrue answers of certain jurors on voir dire examinations, and motion for new trial.

The motion to vacate and motion for new trial were received and filed by the clerk on December 24, 1958, and overruled by the trial judge on January 12, 1959.

The burden of plaintiff's argument in support of his assigned ground of errors is that the trial judge acted unjudicially, failed to exercise and abused his judicial discretion in ruling upon plaintiff's motion without oral hearing, as requested, and without according to the plaintiff an opportunity to present evidence; and erred "in overruling the motion to vacate judgment and for a new trial, in the face of the statements set forth in the brief filed in support of that motion, which the court was bound to accept as true in the absence of any statements in the record to the contrary or any brief filed in opposition."

Plaintiff based his motions to vacate judgment and for a new trial on "the unusual circumstance that all members of the jury panel denied that either they personally, or any member of their immediate families, had been involved in any accidents, or had been injured in any accidents," and that all members of the jury panel "denied that either they, or any member of their immediate families, had been involved in any lawsuits resulting from any accidents."

Plaintiff claims that sometime following trial and prior to the filing of the motion to vacate judgment and for a new trial it was discovered that one of the members of the jury panel had filed a lawsuit on behalf of his son Allen for personal injuries suffered by his son in an automobile accident; that this action had been filed in the common pleas court of Mahoning county, and had not been disposed of until November 19, 1957, less than one year immediately prior to the trial of plaintiff's case.

Plaintiff claims it was his intention upon oral hearing to present evidence pertinent to the issues raised, such as the precise questions propounded and the answers given during the course of the voir dire examination, and the explanations, if any, could be offered by the member of the jury, concerning his failure to respond truthfully to counsel's question.

The juror involved in the stated episode was elected foreman of the jury returning the verdict in plaintiff's action, whose lack of candor, counsel for plaintiff argues, may well have resulted in even greater than ordinary prejudice to the plaintiff's rights, and denied him has basic right to a fair trial.

It is said in 66 Corpus Juris Secundum, Section 192, Page 461, that:—

"In general, the hearing and determination of a motion for a new trial should take place in open court, * * *."

In Section 195, Page 462, it is said:—

"The parties to an application for a new trial who have taken proper steps for the hearing and determination thereof have a right to have the merits of the application considered judicially; and it is error for the court to overrule or sustain the motion arbitrarily and without proper consideration."

There is no evidence before us that the trial judge passed upon such motions "without proper consideration" notwithstanding the holding of the court in the case of Atchison, T. & S. F. R. Co., v. Consoli-

dated Cattle Co., 52 Pac., 71, where the court in the first paragraph of the syllabus said:—

"The parties to a lawsuit have an absolute right to be heard by counsel, not only at the trial of the issues of fact, but also on motions involving the substantial rights of the parties; and where the trial court refuses to hear any argument on a motion for a new trial of a case tried to a jury on conflicting oral testimony, and overrules the motion, and enters judgment on the verdict, the judgment will be reversed without inquiry by this court into its merits."

At page 72 of the opinion the court said:—

"We cannot give any sanction to the denial to a party of all opportunity to be heard on a matter of such importance. The refusal of the court to hear argument on these motions is exceedingly unfortunate. * * * A retrial will be troublesome and expensive to the parties. * * * A little time devoted to the hearing might have avoided all this unnecessary trouble. Yet we see no ground on which we can sustain a decision following an absolute denial of all right to be heard on the matter under consideration."

Unless the case of Cleveland Ry. Co. v. Myers, 50 Oh Ap 224, is clearly distinguishable from the case we review we are bound by the rule announced in that case, or to certify the case we review to the supreme court as in conflict with the decision in that appeal. In that case the Eighth District Court of Appeals said, in the first paragraph of the syllabus, in announcing the applicable rule:—

"Where prospective jurors, on voir dire examination in a personal injury negligence case, are asked whether any one of them had ever had a claim for personal injuries against anyone, and one juror who had, remained silent and sat in the case, the defendant, by reason of such misconduct on the part of the juror, is denied the right to challenge such juror on suspicion of prejudice or peremptorily, and is entitled to a new trial."

That rule was based upon sound logic, as shown by the second paragraph of the opinion in the case of Bershiet v. Cincinnati Traction Co., 3 Ohio Nisi Prius (n. s.) 575:—

"When proposed jurors are sworn on their voir dire, they are sworn to tell the whole truth, and not a part of it, and their answers should squarely meet, without evasion, what is fairly expressed by the terms of the questions; and where one undergoing such an examination was guilty of evasion or concealment, the party examining him was deprived of a substantial right and is entitled to a new trial."

Paragraph 2 of Rule XIII of the Rules of the Court of Common Pleas of Mahoning County provides:—

"Upon all motions to appoint receivers, to allow and dissolve injunctions and attachments, to vacate default judgments, and all other motions involving questions of fact, the evidence shall be presented by affidavits or depositions, unless otherwise ordered by the court."

The trial judge heard all of the questions and answers on the voir dire examination of the jury and all of the testimony adduced at the trial; and if this particular juror neglected to disclose the fact that he had previously had a lawsuit for his minor son, the court had to neces-

sarily decide whether or not, looking at the entire case, substantial justice had nevertheless been rendered. The trial judge obviously concluded substantial justice had been rendered.

Whether the judgment should have been vacated and a new trial granted, was a matter which rested solely within the sound discretion of the trial court, and his ruling thereon may not be set aside unless it is shown that he clearly abused his discretion. See **Pearson v. The Gardner Cartage Co., Inc., 148 Oh St 425.** Also see **Maggio v. City of Cleveland, 151 Oh St 136.**

Plaintiff asks this court to rule that the trial court abused its discretion, yet he presents to this court none of the evidence upon which the trial court based his finding that substantial justice had been rendered. This court has no means of judging whether the trial court acted properly or improperly, and in the absence of any such means this court is in no position to even consider plaintiff's appeal. Moreover, plaintiff's failure to even file a motion for a new trial amply indicates the propriety of the court's decision.

When or how plaintiff first learned of this juror's lawsuit for his son is not shown, but there can be no doubt about the fact that he could have discovered it in time to have included it in a motion for a new trial, and he offers no reason for not having done so.

Sec. 2309.59 R.C., provides that a reviewing court must always decide whether, in the light of all the evidence, substantial justice has been rendered, and if it so decides all errors must be disregarded. The real object of a trial is the attainment of substantial justice and not the achievement of a hearing wholly free from legal errors.

This court has no means of determining whether substantial justice was rendered to plaintiff, or whether the trial court acted discreetly or indiscreetly in overruling plaintiff's motion to vacate.

In support of his motion to vacate plaintiff presented a written brief stating the reasons why he thought the judgment should be vacated, and his request for an oral hearing was nothing more than a request for oral argument. Whether plaintiff was afforded an oral hearing was a matter solely within the discretion of the court. Plaintiff never at any time suggested to the court that he desired to offer evidence in support of his motion. He filed no affidavits or depositions under the court rule nor did he, after the court's ruling, ask for a rehearing on the basis that he had been denied the right to present evidence in support of his motion.

The judgment of the court of common pleas is affirmed.

GRIFFITH, PJ, DONAHUE, J, concur.