MASSACHUSETTS BONDING & INSURANCE COMPANY, TASTYBURGER SYSTEMS, PLAINTIFFS-APPELLEES, *v.* CLEVELAND (CITY), DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26116.   Decided March 7, 1963.

*Messrs. Bremer, Thompson, Morhard & Coyne*, for plaintiffs-appellees.

*Mr. Robert F. Mooney* and *Mr. James F. Sweeney*, for defendant-appellant.

(HUNSICKER, P. J., of the Ninth District, MIDDLETON and YOUNGER, JJ., of the Third District, sitting by designation in the Eighth District.)

MIDDLETON, J.   This is an appeal on questions of law from a judgment of the Municipal Court of Cleveland.   Plaintiffs' action is one for damages based upon a collision between a trackless trolley owned by the City of Cleveland and a truck owned by Tastyburger Systems.   The claim of the plaintiff, Massachusetts Bonding and Insurance Company, is one for subrogation to a part of its co-plaintiff's claim against defendant.   Upon trial before a jury, the plaintiffs recovered a judg-

ment against the defendant. Motion for new trial was filed and overruled and notice of appeal duly filed. The defendant assigns the following errors occurring at the trial:

I. The Court committed prejudicial error in refusing to permit defendant to fully cross-examine Plaintiffs' witness Michael J. Napoli, and in making certain statements with reference thereto in the presence of the jury.

II. The Court committed prejudicial error in refusing to accept into evidence Defendant's Exhibit 4 (earlier designated Defendant's Exhibit 3C), and in making certain statements with reference thereto in the presence of the jury.

III. The Court committed prejudicial error in overruling defendant's motion for judgment or directed verdict on the petition and cross-petition at the close of all the evidence.

IV. The Court committed prejudicial error in refusing to give Defendant's Special Charges Nos. 2, 5, 6, and 8.

The court will first consider defendant's assignment of error Number II. The defendant offered in evidence a written statement by Marvin Shearer, the driver of the truck owned by the plaintiff, Tastyburger Systems, and identified as defendant's Exhibit No. 4. This Exhibit purports to be a statement made by the truck driver to Robert Kozelka, a patrolman of the City of Cleveland, which was reduced to writing and signed by Shearer. The court refused to admit this Exhibit. We are of the opinion that the court's refusal to admit Exhibit No. 4 constituted error prejudicial to the defendant. The written statement was a statement against interest by one not a party to the action. Shearer, who signed the statement, was unavailable as a witness, the statement made was against his own interest, and as the driver of the truck involved in the collision knew the facts and could have no motive to misrepresent the facts as stated. Such a statement is a well-established exception to the hearsay rule which the court did not recognize. *McKelvey* v. *General Casualty Company,* 166 Ohio St., 401.

"The basis of the rule which allows a declaration against the interest of the declarant to be given in evidence is said to be the 'extreme improbability of its falsehood,' the regard which men usually have for their own interest being deemed a sufficient security that their declarations against interest are not

made under any mistake of fact, or from want of information; such declarations are admitted on the presumption that the declarant is best acquainted with his own rights, and that he would not make such a declaration unless it was true. That his interest should have a truthtelling influence upon the declarant is generally conceded." 21 Ohio Jurisprudence (2d), Evidence, Sec. 316, pg. 329.

The error of the court in refusing to admit the plaintiffs' Exhibit No. 4 requires a reversal of the judgment.

The court finds the defendant's other assignments of error are without merits and are overruled.

HUNSICKER, P. J., YOUNGER, J., concur.