FERREBEE, ADMX., APPELLEE, *v.* BOGGS, APPELLANT.

[Cite as Ferrebee v. Boggs (1970), 24 Ohio App. 2d 18.]

(No. 640—Decided September 16, 1970.)

*Messrs. Rowland, Bridgewater & Robe,* for appellees.
*Mr. Samuel B. Erskine,* for appellant.

STEPHENSON, J.   On November 17, 1964, at about 5:00 a. m., Joseph H. Ferrebee was operating a tractor-trailer in an easterly direction on route No. 50, a two-lane highway, in Athens County.   At about the same time and place Eula Boggs was operating a Volkswagen automobile in a westerly direction.   A collision occurred between the two vehicles.   The husband and infant child of Eula Boggs,

passengers in the automobile, were killed in the collision and, at approximately 1:10 p. m. on the same date, Joseph H. Ferrebee also died.

Suit was instituted by Garnet Ferrebee, as administratrix of the estate of her husband, Joseph H. Ferrebee, against Eula Boggs. Two causes of action were set forth in the petition, the first for wrongful death and the second for pain, suffering and expense incurred by decedent prior to his death. Negligence was alleged on the part of the defendant, Eula Boggs, in operating her vehicle in the eastbound traffic lane. A verdict was returned by a jury upon the first cause of action in the amount of $15,000 and, upon the second cause of action in the amount of $1,000. Interrogatories answered by the jury found the defendant to be negligent by operating her motor vehicle in the wrong lane of traffic and found that the deceased was not negligent. Judgment was entered by the trial court upon the verdict. For prior appellate history of this case see *State, ex rel. Ferrebee,* v. *Court of Appeals,* 14 Ohio St. 2d 109, and *Ferrebee* v. *Boggs,* 18 Ohio St. 2d 87.

Defendant, Eula Boggs, appellant herein, instituted an appeal from that judgment to this court. Appellant, Eula Boggs, will hereinafter be referred to as defendant, and Garnet Ferrebee, administratrix, plaintiff below and appellee herein, will be referred to as plaintiff. Joseph H. Ferrebee will be referred to as the deceased.

The following errors are assigned:

"1. The court erred in overruling the motion of the defendant to arrest the evidence from the jury and direct the jury to return a verdict for the defendant at the close of the evidence introduced by the plaintiff.

"2. The court erred in overruling the motion of the defendant to arrest the evidence from the jury and direct the jury to return a verdict for the defendant, both parties having rested.

"3. The court erred in refusing to admit certain evidence offered by the defendant.

"4. The verdict of the jury is not supported by sufficient evidence.

"5. The verdict of the jury is not supported by any evidence.

"6. The verdict is contrary to the evidence.

"7. The verdict of the jury is against the manifest weight of the evidence.

"8. The verdict and judgment of the court is contrary to law.

"9. Other errors apparent on the face of the record."

At the outset, we must overrule the first assignment of error. A motion for a directed verdict by defendant in her favor was made at the close of the plaintiff's case and overruled. Thereafter, the defendant presented her evidence. When such a motion is overruled, the introduction of evidence by the defendant waives any error that might have been made in the court's ruling. The principle is settled under Ohio procedure. For numerous decisions, both of the Ohio Supreme Court and Courts of Appeals, applying the rule, see 4 Ohio Jurisprudence 2d 439, Appellate Review, Section 1096, Footnote 18, and Supplement, page 38.

Under the second assignment of error, it is urged that the court erred in failing to direct a verdict in defendant's favor at the conclusion of all the evidence. This argument is bottomed upon the fact that the plaintiff's evidence that the defendant was negligent was circumstantial, while the defendant's evidence, in the form of her own testimony that the deceased, and not she, was negligent, was "positive, undenied and uncontroverted." In essence, defendant equates direct testimony on her part as to how the accident occurred as establishing the facts of such occurrence from which reasonable minds could not differ, regardless of the logic and persuasiveness of the facts that may be reasonably inferred from the circumstantial evidence. Such a theory runs afoul of the basic reasons for which juries exist, namely, to determine the credibility of witnesses and resolve disputed questions of fact. *Painesville Utopia Theatre Co.* v. *Lautermilch,* 118 Ohio St. 167.

We have carefully reviewed the record and conclude,

not only that a jury question was presented but also that the evidence amply and reasonably supports the verdict of the jury. The assignment of error is overruled.

Error is alleged, under the third assignment, in the exclusion by the trial court, during defendant's direct testimony, of a statement made by the deceased to the defendant, while both were in an ambulance being transported to a hospital. The excluded statement, proffered by defendant, was: "I did not mean to kill your baby, it was all my fault." The objection entered was general and no basis was given by the court for its ruling in sustaining the objection. Defendant urged its admission under an exception to the hearsay rule by a third party declarant against his interest. At no time in the colloquy between court and counsel is any mention made of the two causes of action. Counsel stated specifically that it was not being offered under the theory of *res gestae* and no consideration is given here to admissibility on that ground. Plaintiff, in her brief, now urges that the statement was inadmissible, in the wrongful death action for lack of privity and in the survivor action because of R. C. 2317.03, the "dead-man statute."

In the resolution of this question it must be borne in mind that the action was proceeding upon the two causes enumerated above. Prior to 1955, such causes of action were not joinable. *Fielder* v. *Ohio Edison Co.,* 158 Ohio St. 375. In 1955, the Legislature, by amendment of R. C. 2309.05 and R. C. 2309.06, permitted such joinder. Prophetically, Professor Robert Wills of the Ohio State College of Law, shortly thereafter recognized the evidence problems that would arise by reason of the joinder of such actions with regard to the admission of statements of the deceased. Wills, *Wrongful Death and Personal Injuries—Joinder of Causes of Action and Counterclaims,* 16 Ohio St. L. J. 501.

The difficulty arises from the fact that causes of action for wrongful death and survivor claims are separate and distinct, damages for the former being for the benefit of the next of kin and the latter for the estate.

The Ohio wrongful death statute, enacted in 1851, was patterned after the 1842 Lord Campbell's Act of England. The Ohio Supreme Court, in an 1898. decision, construed the statute as creating no new cause of action, but simply a continuation of the cause of action possessed by the deceased which would, but for the statute, have abated at his death. Hence, there was privity between the deceased and the statutory beneficiaries under the statute, and admissions of the deceased were admissible in the wrongful death action. *Helman* v. *P., C., C. & St. L. Ry. Co.*, 58 Ohio St. 400.

Ten years thereafter, the Ohio Supreme Court adopted the current view that the act created a new and independent cause of action in the heirs. *Mahoning Valley R. Co.* v. *Van Alstine*, 77 Ohio St. 395. The departure in theory from the early case of one cause of action leads to the suggestion in 16 Ohio Jurisprudence 2d 561, Death, Section 224, that statements of a deceased are now inadmissible. The writer bottomed his view upon dicta of the Supreme Court in *Fielder* v. *Ohio Edison Co., supra,* which dicta we later consider.

It is generally accepted that a distinction exists, both in theory and practical effect, between statements by a party to a suit, termed admissions, and declarations of fact by third persons against their interest. 4 Wigmore on Evidence (3 Ed.) 6, Section 1049. This distinction, however, has not always been observed by Ohio courts. See *Admissions "Against Interest" in Ohio,* 15 Ohio St. L. J. 187. It is observed by Wigmore that universally statements by a party-opponent are admissible. 4 Wigmore on Evidence (3 Ed.) 2, Section 1048. Whether the theory of admissibility is that such statements are non-hearsay or an exception to the rule, to be admissible it must be against some interest of the party at trial and not at the time made, and no foundation need be laid and no requirement of proof of the absence of the declarant is necessary. 2 Jones on Evidence (5 Ed.), 630 *et seq.*, Section 334 *et seq.*; 4 Wigmore on Evidence (3 Ed.), 2, Section 1049.

Unlike admissions of a party, declarations against in-

terest by a third party, are subject to specific requirements as to admissibility. The recognition of this exception and its limitations to the hearsay rule has long been recognized in Ohio. *Bird* v. *Hueston,* 10 Ohio St. 418; *Second National Bank* v. *New First National Bank,* 7 Ohio App. 68; *Schwane* v. *Contris,* 2 Ohio Law Abs. 726; *Mass. Bonding & Ins. Co.* v. *Cleveland,* 91 Ohio Law Abs. 569; *Birnelin* v. *Gest,* 162 Ohio St. 98 (dicta). In *McKelvey Co.* v. *General Casualty Co.,* 166 Ohio St. 401, at 404, the Supreme Court stated with respect to this exception:

"Early in the history of the law of evidence the courts recognized that, although in most instances hearsay evidence should not be admitted, due to the inability to test the trustworthiness of such evidence, there are conditions and circumstances in which hearsay evidence as a matter of necessity must and can be relied upon as being trustworthy.

"One of the exceptions to the hearsay rule, which has been found to be based on trustworthiness or a probability of truthfulness and veracity, and which has arisen due to necessity, is a declaration against interest by a third party.

"The courts, where confronted with a situation where death, absence from the jurisdiction or insanity makes a witness unavailable, and where such witness is the only source from which his evidence can be obtained, have held that as a matter of necessity a declaration by such witness against his interest should be admitted in evidence. The courts have reasoned that a person does not make statements against his own pecuniary interest unless they are true and have thus considered such statements trustworthy even though there is not opportunity to confront the witness or to cross-examine him. 5 Wigmore on Evidence, 204, Section 1421.

"Thus, the rule has arisen that a declaration against interest by one not a party or in privity with a party to an action is admissible in evidence, where (1) the person making such declaration is either dead or unavailable as a witness due to sickness, insanity or absence from the juris-

diction, (2) the declarant had peculiar means of knowing the facts which he stated, (3) the declaration was against his pecuniary or proprietary interest and (4) he had no probable motive to falsify the facts stated.''

Another important distinction is that admissions by a party are not only admissible against him, but, likewise, are admissible against those in privity with him. 4 Wigmore on Evidence (3 Ed.), 25, Section 1060.

Applying the above principles, was the proffered testimony admissible? We consider, first, the question of admissibility as an admission in the second cause of action for pain, suffering and expenses prior to death. This action survived by virtue of R. C. 2305.21 and was for the benefit of the estate. The plaintiff administratrix was, therefore, in the same position as the deceased had he survived. Clearly, the admission would have been admissible against the decedent and, hence, the dead-man's statute aside, was admissible against the plaintiff. See 2 Jones on Evidence (5 Ed.) 644, Section 342.

The dead-man's statute was enacted to give protection to the estate from fraudulent claims and to provide mutuality between the parties with respect to evidence. It is, however, a privilege to the estate only and may be waived. *Roberts* v. *Briscoe,* 44 Ohio St. 596. We conclude that where, as here, the plaintiff administratrix in proceeding to prove her two causes of action, presents herself as a witness on her own behalf and testifies as to facts occurring before the death of her decedent, the privilege has been waived and defendant could testify as any other witness. See *Westrick* v. *Unterbrink,* 90 Ohio App. 283.

With respect to the admissibility of the statement in the wrongful death action, it is important to observe that what was actually decided in *Helman* v. *P., C., C. & St. L. Ry. Co., supra* (58 Ohio St. 400), has not been overruled by the Supreme Court. Particularly is this so in that in *Mahoning Valley R. Co.* v. *Van Alstine, supra* (77 Ohio St. 395), in departing from the theory of one cause of action, the court expressed approval of what was actually decided in *Helman.*

We recognize, therefore, the argument that by force of the statute alone, since a recovery can only be had in a wrongful death action if the deceased could have maintained an action and recovered, any evidence that would defeat his claim would be admissible.

There is, however, a more conventional basis which allows admissibility of such evidence, and the one we adopt, that the statement in question was admissible on the first cause of action as a third party declaration of fact against interest exception to the hearsay rule. In 2 Jones on Evidence (5 Ed.) 644, Section 342, the following is stated:

"A somewhat analogous question has arisen in cases where the declarations of a person, since deceased, have been offered in actions for wrongful death; in many instances such declarations have been received. Even if their admissibility as admissions is doubtful because of statutory niceties which base the claim on the theory of injury to the deceased's dependents rather than on the theory of a claim surviving to the deceased's estate, nevertheless, the statements of the deceased would be admissible if they were in fact against his pecuniary interest when made, as declarations against interest."

Wigmore, in his chapter entitled "Extrajudicial Admissions," 4 Wigmore (3 Ed.) 144, Section 1081, states:

"No modern court doubts that a *decedent,* whose rights are transmitted intact to his successor, is a person whose admissions are receivable against a party claiming the decedent's rights as *heir, executor,* or *administrator.*

"The statutory claim, however, in an action for *death by wrongful act,* of the executor or other representative, is of an anomalous nature; in some features it is an action for a surviving claim of the deceased, while in others it is an action for an injury to the dependent relatives; there is therefore some ground for holding that the deceased's admissions are not receivable. It may however equally be argued that, being admissible in one aspect, they should not be excluded because the action has additional aspects; moreover, they ought in any event to be

receivable under the hearsay exception for statements of facts against interest, as some courts concede.''

In an exhaustive annotation in 114 A. L. R. 921, the various theories of admissibility of statements against interest by a decedent in a death action are reviewed. Ohio is therein listed as admitting such evidence on the basis of privity under the holding in *Helman* v. *P., C., C. & St. L. Ry. Co., supra* (58 Ohio St. 400). Ample authority is set forth, however, that in other jurisdictions with Lord Campbell's type statutes, such evidence is admissible as a third party declaration against interest without regard to privity. See cases cited at page 929.

The four indicia that must be met, as set forth by the Supreme Court in *McKelvey Co.* v. *General Casualty Co., supra* (166 Ohio St. 401), are here present. (1) The declarant was dead; (2) by being the driver of a vehicle in the collision he had peculiar means of knowing of what he stated; (3) the statement was against his pecuniary interest by (a) exposing himself to a suit for damages, and (b) by diminishing his chances of recovery of damages; and (4) for these reasons, he would have no probable motive to make a false statement.

Appellee urges, as a correct statement of law, the following statement by Judge Hart in *Fielder* v. *Ohio Edison Co., supra* (158 Ohio St. 375), at page 387:

''Again, declarations against interest by a decedent are admissible in a survivor action, whereas they are not so admissible in a wrongful death action.''

At first blush, this dicta appears contrary to the conclusion herein reached. Professor Robert Wills in his consideration of this problem has expressed, with reference to Judge Hart's statement, the following:

''Presumably by 'declaration against interest' the court meant admissions.'' 16 Ohio St. L. J. 501, 503, footnote 13.

Bearing in mind the practice of many Ohio courts not to distinguish between admissions and third-party declarations against interest, we are persuaded that admissions

were intended and when so viewed it gives support and logic to our holding herein.

The form of the statement, *i. e.*, admission of fault, does not bar its use (see *Kaczmarcek* v. *Murphy*, 78 Ohio App. 449), nor does the fact that the deceased was in extreme pain and near death since these factors affect only its weight. 29 American Jurisprudence 661, Evidence, Section 607; *Virginia Electric & Power Co.* v. *Decatur*, 173 Va. 153, 3 S. E. 2d 172; *Aide* v. *Taylor*, 214 Minn. 212, 7 N. W. 2d 757.

Having concluded that the trial court erred in the exclusion of the proffered testimony, the next question which must follow is whether such error was prejudicial to defendant. In *Mann* v. *East Ohio Gas Co.*, 84 Ohio Law Abs. 600, it is aptly observed that: "The real object of a trial is the attainment of substantial justice and not the achievement of a hearing wholly free from legal errors."

The Legislature of Ohio has thus enacted R. C. 2309.59, which provides:

"In every stage of an action, the court must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party. No judgment shall be reversed or affected by reason of such error or defect. In the judgment of any reviewing court upon any appeal in any civil action, when it is sought to reverse any final judgment or decree or obtain a new trial upon the issues joined in the pleadings, such reviewing court shall certify on its journal whether or not in its opinion substantial justice has been done the party complaining, as shown by the record of the proceedings and judgment under review. In case such reviewing court determines and certifies that in its opinion substantial justice has been done to the party complaining as shown by the record, all alleged errors occurring at the trial shall by such reviewing court be deemed not prejudicial to the party complaining and shall be disregarded, and such judgment or decree under review shall be affirmed, or it shall be modified if in the opinion of such reviewing court.

a modification thereof will do more complete justice to the party complaining. * * *"

In *Hallworth* v. *Republic Steel Corp.*, 153 Ohio St. 349, the Supreme Court, speaking through the late Judge (later Chief Justice) Taft, enunciated the principle that to find substantial justice has been done to an appellant so as to prevent reversal of a judgment for errors occurring at the trial, the reviewing court must not only weigh the prejudicial effect of those errors, but must also determine that if those errors had not occurred the jury would probably have made the same decision.

The question, then, in this case, is whether the jury, if the proffered testimony had been admitted, would have rendered a different verdict so that defendant was prejudiced by its exclusion. The members of this court are of the unanimous view that the proffered statement would not have resulted in a different verdict. Certainly, a mere statement by defendant of her proffered testimony would not guarantee a different verdict, inasmuch as even if the jury believed that a statement was made by the deceased, they would be faced with the additional problem of whether the defendant, herself injured and suffering the death of her child, accurately heard the deceased. If these were the only considerations, it may well be that such factors would properly be for jury consideration.

Our determination rests upon a further and, by our view, dispositive consideration in this case. As before indicated, the evidence of plaintiff to establish negligence proximately causing the collision was, in the main, circumstantial in nature. Nevertheless, it formed a factual basis from which the jury could, if they chose, reasonably and fairly find, as was their prerogative, that the deceased at no time crossed the center line; that prior to the collision he drove off the right berm; and that the defendant operated her vehicle left of the center of the roadway and collided with the truck operated by decedent.

The defendant, the only living eyewitness, expressly testified that she was driving in the westbound lane and

that the truck was being operated in her lane of traffic at the time of the collision. In face of defendant's positive testimony, the jury found in favor of plaintiff. Rather obviously, in doing so they, of necessity, rejected defendant's testimony either as mistaken or fabricated. In our view, it is so unlikely as to be incredible that the addition of the thirteen words of defendant's testimony would have such force and be given such weight by the jury that they would have accepted defendant's version of the cause of collision and rejected their conclusions based upon the physical evidence. We, therefore, have concluded, by a review of the whole of the record, that the error was not prejudicial and that substantial justice was done between the parties.

We have considered the other assignments of error and, finding no merit in them, they are overruled.

There being no error intervening below prejudicial to appellant, the judgment is affirmed.

*Judgment affirmed.*

ABELE and LEACH, JJ., concur.

LEACH, J., of the Tenth Appellate District, sitting by designation in the Fourth Appellate District.