[Cite as *State v. Benavides*, 2014-Ohio-2089.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN   COUNTY

STATE OF OHIO                                          :
                                                      :         Appellate Case No. 2013-CA-42
          Plaintiff-Appellee                          :
                                                      :         Trial Court No. 2013-TRD-1083
v.                                                    :
                                                      :
COOPER E. BENAVIDES                                   :         (Criminal Appeal from
                                                      :         Champaign County Municipal Court)
          Defendant-Appellant                         :
                                                      :

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of May, 2014.

. . . . . . . . . . .

BREANNE PARCELS, Atty. Reg. #0089370, Champaign County Municipal Prosecutor's Office, 205 South Main Street, Urbana, Ohio 43078
          Attorney for Plaintiff-Appellee

JOHN P. CARLSON, Atty. Reg. #0076002, 131 North Ludlow Street, Suite 1400, Dayton, Ohio 45402
          Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}          Defendant-appellant Cooper E. Benavides appeals from his conviction and fine

for Speeding, in violation of R.C. 4511.21(D)(1).  Benavides contends that the trial court erred

in denying his Crim.R. 29 motion for acquittal, because the State failed to present sufficient evidence to support a conviction for Speeding. In particular, Benavides contends that the State's lay witnesses should not have been permitted to testify regarding the speed at which Benavides's vehicle was traveling. Benavides also contends that the trial court erred in allowing his admission into evidence, because it constitutes inadmissible hearsay.

{¶ 2} We conclude that the trial court did not err in overruling Benavides's Crim.R. 29 motion. We also conclude that Benavides's admission qualifies as an admission of a party-opponent, which does not constitute hearsay. Accordingly, the judgment of the trial court is Affirmed.

## I. Benavides Is Involved in an Accident while Speeding

{¶ 3} In April 2013, Cooper Benavides and Paul Sandrus were driving their vehicles on the way home from attending classes at Triad High School. According to Sandrus and eyewitnesses, Benavides and Sandrus were racing at speeds of at least 65 miles per hour on Urbana Woodstock Pike. As another motorist attempted to cross Urbana Woodstock Pike in front of the two racers, Benavides's vehicle crashed into the crossing motorist.

{¶ 4} Benavides was questioned at the scene of the accident by Deputy John McNeely. According to McNeely, Benavides admitted that he was driving 65 miles per hour. The speed limit on that particular road is 55 miles per hour. Benavides was cited for Speeding, in violation of R.C. 4511.21(D)(1).

## II. The Course of Proceedings

{¶ 5}    At the conclusion of witnesses' testimony, Benavides moved for a judgment of acquittal, pursuant to Crim.R. 29.  The trial court overruled the motion and found Benavides guilty of Speeding.  The trial court imposed a $150 fine.  From this judgment, Benavides appeals.

## III. The State Presented Sufficient Evidence to Support

## a Conviction for Speeding Pursuant to R.C. 4511.21(D)(1)

{¶ 6}    Benavides's First Assignment of Error states:

THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUPPORT A CONVICTION FOR SPEEDING UNDER R.C. 4511.21(D)(1).

{¶ 7}    "A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law."   *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).  When reviewing whether the State has presented sufficient evidence to support a conviction, the relevant inquiry is whether any rational finder of fact, after viewing the evidence in a light most favorable to the State, could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997).  A guilty verdict will not be disturbed on appeal unless "reasonable minds could not reach the conclusion reached by the trier-of-fact."  *Id.*

{¶ 8}    Benavides was convicted of a violation of R.C. 4511.21(D)(1), which provides that: "No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street or highway as follows: (1) At a speed exceeding fifty-five miles per hour * * * ."   At trial, Deputy

McNeely testified that Benavides admitted at the accident scene that he was driving 65 miles per hour. Furthermore, Sandrus, who was racing Benavides at the time of the accident, admitted that he and Benavides were traveling well in excess of the speed limit. Also, two eyewitnesses estimated that Sandrus and Benavides were traveling at speeds of 70 miles per hour or greater. This testimony is sufficient to support a conviction for Speeding, in violation of R.C. 4511.21(D)(1).

{¶ 9} Benavides contends that the testimony of the eyewitnesses regarding how fast Benavides was traveling should have been disregarded. In support of his contention, Benavides cites R.C. 4511.091(C)(1), which concerns a peace officer's unaided visual estimation of the speed of a motor vehicle. This statutes provides, in part: "No person shall be arrested, charged, or convicted of a violation of any provision of divisions (B) to (O) of section 4511.21 or section 4511.211 of the Revised Code or a substantially similar municipal ordinance based on a peace officer's unaided visual estimation of the speed of a motor vehicle, trackless trolley, or streetcar."

{¶ 10} Benavides urges us to construe the restriction in R.C. 4511.091(C)(1) as applying to lay persons, as well as to peace officers, in order to avoid what he claims would be an absurd result. We decline to do so. The plain language of the statute addresses only a peace officer's unaided visual estimation; no construction is required. Nor is the result necessarily absurd. One possible rationale may have been a concern about peace officers using visual estimations of speed to meet ticket quotas, for example. Another may have been, as the State suggests, a prophylactic rule intended to encourage police officers to use the devices to measure vehicle speeds that are ordinarily available to them, which would not apply to persons other than police officers. But even if we might question the rationale of a statutory provision, we are bound by

its plain language, so long as it is constitutional.

**{¶ 11}** Benavides's conviction is not based on the unaided visual estimation of a peace officer. His conviction is based on eyewitness testimony from individuals who are not police officers, in addition to his own admission at the accident scene and the testimony of Sandrus. Therefore, R.C. 4511.091(C) does not apply to the case before us.

**{¶ 12}** Benavides also contends that the witnesses who testified against him were not credible or were mistaken in their testimony. The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967). "The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997). Based on our review of the testimony at trial, we conclude that the evidence was sufficient to support a conviction for Speeding. Consequently, the trial court properly overruled Benavides' motion for judgment of acquittal pursuant to Crim.R. 29.

**{¶ 13}** The First Assignment of Error is overruled.

### IV. Benavides's Admission Is Not Hearsay

**{¶ 14}** Benavides's Second Assignment of Error states:

THE TRIAL COURT ERRED IN ALLOWING INADMISSIBLE HEARSAY INTO EVIDENCE.

**{¶ 15}** In this assignment of error, Benavides contends that the trial court improperly admitted hearsay evidence by allowing testimony regarding a statement against interest that

Benavides made at the accident scene. According to Benavides, the trial court erred in allowing such testimony where there were no corroborating circumstances clearly indicating the trustworthiness of the statement. Brief, p. 11-12, citing Evid.R. 804(B)(3). We disagree.

{¶ 16} Benavides correctly points out that Evid.R. 804(B)(3) concerns statements against interest and provides, in part: "A statement tending to expose the declarant to criminal liability, whether offered to exculpate or inculpate the accused, is not admissible unless corroborating circumstances clearly indicate the truthworthiness of the statement." Benavides ignores, however, Evid.R. 801(D)(2), which provides that a statement constituting an admission by a party-opponent is not hearsay if it "is offered against a party and is (a) the party's own statement, in either an individual or a representative capacity."

{¶ 17} The First District Court of Appeals recently addressed the important distinction between Evid.R. 801(D)(2) and 804(B)(3). In *State v. Webster*, 1st Dist. Hamilton No. C-120452, 2013-Ohio-4142,¶ 66, the court stated, in part:

> Evid.R. 804(B)(3) provides that a statement against interest may be admitted under certain circumstances as an exception to the hearsay rule. But Evid.R. 804(B)(3) does not apply to statements made by a party to the action. 1993 Staff Note to Evid.R. 804(B)(3). A statement made by a defendant is considered an "admission," and is governed by Evid.R. 801(D)(2). An "admission" and a "statement against interest" reflect two distinct concepts and different rules of admissibility apply to each. *See Ferrebee v. Boggs*, 24 Ohio App.2d 18, 263 N.E.2d 574 (4th Dist.1970). In pertinent part, Evid.R. 801(D)(2) provides that the statement sought to be admitted at trial must be offered against the party who had made the statement.

{¶ 18} The language in Evid.R. 804(B)(3) regarding "corroborating circumstances clearly indicating the trustworthiness of the statement" is not contained in Evid.R. 801(D)(2). Furthermore, admissions of a party-opponent do not constitute hearsay. Therefore, Benavides' contentions regarding inadmissible hearsay must fail.

{¶ 19} Finally, Benavides contends that the testimony of the officers conflicted with the testimony of the eyewitnesses. We have reviewed the trial transcript and conclude that all of the witnesses who testified regarding Benavides' speed agreed that Benavides was traveling in excess of the speed limit. Therefore, we conclude that the trial court properly convicted Benavides of Speeding in violation of R.C. 4511.21(D)(1).

{¶ 20} The Second Assignment of Error is overruled.

# V. Conclusion

{¶ 21} Both of the assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

FROELICH, P.J., and WELBAUM, J., concur.

Copies mailed to:

Breanne Parcels
John P. Carlson
Hon. Susan J. Fornof-Lippencott